UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald R. Ernst,

          Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-570 ADM/AJB

GEICO General Insurance Co.,

          Defendant.

_____

Ronald R. Ernst, pro se.

John R. Crawford, Esq., and Benjamin A. Johnson, Esq., Johnson & Lindberg, PA, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On May 16, 2013, the undersigned United States District Judge heard oral argument on Defendant GEICO General Insurance Company's ("Geico") Motion to Dismiss and Strike the Complaint [Docket No. 3]. Although he did not file a memorandum in opposition to the motion, Plaintiff Ronald R. Ernst ("Ernst") appeared at the hearing. Ernst alleges Geico failed to provide him with proper insurance coverage and unduly increased his insurance premiums. For the reasons stated herein, Defendant's motion is granted.

## II. BACKGROUND[1]

Ernst had automobile insurance coverage through Geico for the time periods relevant to this action. Ernst alleges Geico held him responsible for a July 28, 2011, car accident. As a result, Geico increased Ernst's 6-month policy premium from $340.00 to $603.00. Ernst alleges

---

[1] As discussed below, the facts discussed in this section are derived from the Complaint, the allegations of which are taken as true.

his premium should have increased only to $366.00.  Nevertheless, Ernst paid the increased premium and continued his coverage with Geico.  Compl. [Docket No. 1] ¶ 7.

In November 2011, Ernst was involved in a second car accident.  Ernst was diagnosed at the Minneapolis Veteran's Medical Center with a partially-torn rotator cuff and told to refrain from strenuous activity.  Id. ¶ 8.  Ernst then filed a claim for benefits with Geico, seeking $4,000 in lost wages.  Johnson Aff. [Docket No. 7] Ex. 2.  Geico required Ernst to have a second examination conducted by one of its own doctors.  Geico's doctor concluded that the rotator cuff injury was not related to the car accident.  Geico thus denied Ernst's claim.  Compl. ¶ 8.  Ernst filed a Petition for No-Fault Arbitration with the American Arbitration Association ("AAA"), seeking $3,500.  Johnson Aff. Ex. 3.  However, Ernst failed to appear for the arbitration hearing, and the AAA denied his claim.  Id. at Ex. 7.

On February 24, 2012, Ernst was involved in a third car accident.  According to Ernst, Geico again found him to be at fault for the accident.  Geico again increased Ernst's policy premium.  Combined with surcharges—the nature of which are not clear from the Complaint—Geico sought a total of $2,200 from Ernst for a 6-month insurance policy.  Compl. ¶ 9.

On March 13, 2013, Ernst filed the Complaint in this action.  Ernst alleges Geico wrongfully increased his premiums and denied his claim for benefits.  From these actions, Ernst alleges Geico violated Ernst's due process and equal protection rights in violation of the Fifth and Eighth Amendments, breached its contract with him, and committed fraud.  Ernst seeks $50,000 in actual damages, $50,000 in punitive damages, and $10,000 in attorney's fees.  Id.

## III.  DISCUSSION

### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure (the "Rules") states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). In addition, when a plaintiff proceeds pro se, the court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976). And although the court may not consider matters outside the pleadings at this stage, "documents necessarily embraced by the complaint are not matters outside the pleading[s]." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).

Rule 12, working in combination with Rule 8, requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B.  Lack of Subject Matter Jurisdiction

In the Complaint, Ernst alleges the Court has both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332. In its motion, Geico argues the Court must dismiss the Complaint because Ernst has failed to demonstrate either basis for jurisdiction.

Federal question jurisdiction exists when an action "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While violations of the equal protection or

due process clauses of the Constitution may give rise to federal question jurisdiction, these clauses only protect citizens against federal or state action.  See Warren v. Gov't Nat. Mortg. Ass'n, 611 F.2d 1229, 1232 (8th Cir. 1980).  The rights enumerated in the Bill of Rights do not limit the actions of private persons or companies, and a suit against private parties for constitutional violations will not succeed.  See, e.g., Lunsford v. RBC Dain Rauscher CS, No. 05-2750, 2006 WL 2844544, at *5-6 (D. Minn. Sept. 28, 2006) (citations omitted).

Ernst has not alleged a basis for federal question jurisdiction.  Ernst states in the Complaint that the Court has federal question jurisdiction by virtue of Geico's alleged violations of the Fifth and Eighth Amendments, and for depriving him of his due process and equal protection rights.  However, the Eighth Amendment has no application to the facts of this case.  And Ernst's allegations that Geico violated his due process or equal protection rights must also fail because Geico is not a government actor—nor was it acting in any kind of quasi-governmental function—when it made decisions regarding Ernst's insurance coverage.  The only source of law Ernst identifies in the Complaint is the Constitution.  Because his constitutional claims are without basis, he has failed to establish federal question jurisdiction.

Next, Ernst has not demonstrated the applicability of diversity jurisdiction in this case.  Under 28 U.S.C. § 1332, a federal court "shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000," and is between citizens of different states.  When a complaint alleges a sufficient minimum amount in controversy to satisfy § 1332 but the opposing party challenges jurisdiction, the party invoking federal jurisdiction must establish the amount in controversy by a preponderance of the evidence.  See State of Mo. ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995).

In this case, Geico does not dispute that diversity of citizenship exists between the parties. It does, however, argue that the Complaint does not demonstrate an amount in controversy over $75,000. Courts interpreting the amount in controversy requirement of § 1332 have allowed the inclusion of several different types of damages. Of relevance to this case, the Eighth Circuit Court of Appeals has held punitive damages may count toward the minimum amount in controversy. <u>Western</u>, 51 F.3d at 173. When punitive damages are included, however, "the existence of the required amount must be supported by competent proof." <u>Larkin v. Brown</u>, 41 F.3d 387, 388-89 (8th Cir. 1994). Attorney's fees may also count toward the jurisdictional minimum, but only when those fees are authorized by statute, contract, or as some other matter of right. See <u>Rasmussen v. State Farm Mut. Auto. Ins. Co.</u>, 410 F.3d 1029, 1030 (8th Cir. 2005); <u>see also</u> <u>Mueller v. RadioShack Corp.</u>, No. 11-cv-0653, 2011 WL 6826421, at *1-2 & n.4 (D. Minn. Dec. 28, 2011).

Ernst has not demonstrated how the damages alleged in the Complaint might actually amount to $75,000 or more. Ernst's claim for $50,000 in actual damages is unfounded. Ernst seeks $4,000 in lost wages from Geico due to his November 2011 accident. In connection with this accident, Ernst also claims he suffered a partially-torn rotator cuff. However, Ernst failed to identify any costs associated with medical care for this injury. Ernst also seeks a total of about $2,500 in alleged overcharges from Geico for insurance coverage. As a result, on its face, the Complaint states a total of about $6,500 in actual damages. Even assuming Ernst could claim significant losses, his policy through Geico caps liability for medical expenses and lost wages at $40,000 per person, per accident, and Ernst alleges no injuries in connection with his other accidents. <u>See</u> Johnson Aff. Ex. 1. Taking the Complaint as true and liberally construing its

allegations, Ernst's claims still fall far short of $50,000 in actual damages.

Ernst's claims for punitive damages and attorney's fees are similarly overstated. An examination of his claim for punitive damages shows Ernst has not alleged the deliberate disregard or indifference necessary to sustain a request for this extraordinary remedy. See Minn. Stat. § 549.20. Further, Geico's alleged conduct, by itself, does not evince the necessary level of disregard. Similarly, Ernst has not identified a contractual, statutory, or other basis for his attorney's fees request, nor is it apparent that Ernst has incurred any attorney's fees to date. As a result, neither the stated punitive damages nor attorney's fees may count toward the jurisdictional minimum.

Finally, Ernst also seeks an order "to remove from the National Data Center the three (3) at fault accidents" identified in the Complaint. Although it is not clear what he intends by the term "National Data Center," neither the Complaint nor Ernst's oral argument indicate that the valuation of this request would help satisfy the amount in controversy requirement.

Given the above estimates and analysis, Ernst has not satisfied the $75,000 amount in controversy requirement, and has thus failed to establish diversity jurisdiction. Without subject matter jurisdiction, the Court may not hear Ernst's case.[2]

## C. Summary Judgment and Motion to Strike

In the alternative to its motion to dismiss for lack of jurisdiction, Geico seeks summary judgment on Ernst's claims. It also requests the Court strike Ernst's claims for punitive damages, attorney's fees, and injunctive relief. Because the Court lacks subject matter

---

[2] Because it is apparent that amending the Complaint would be futile in establishing federal jurisdiction, the Complaint will be dismissed with prejudice. If Ernst intends to pursue these claims in state court, he is encouraged to seek legal counsel.

jurisdiction in this action, it declines to reach these requests.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Geico's Motion to Dismiss [Docket No. 3] is **GRANTED**; and

2. All claims in the Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 10, 2013.